United States District Court
Southern District of Texas
**ENTERED**
October 09, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| HSBC BANK USA, N.A., AS TRUSTEE FOR CITIGROUP MORTGAGE LOAN TRUST INC., ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-SHL1, | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:26-CV-00188 |
| DALIA T. GONZALES, *et al.*, | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

The United States District Judge has referred this case to the undersigned for pretrial management, including decisions for non-dispositive matters and findings and recommendations as to dispositive matters. Before the Court is Plaintiff HSBC Bank USA, N.A., as Trustee for CitiGroup Mortgage Loan Trust, Inc., Asset-Backed Pass-Through Certificates, Series 2007-SHL1's ("HSBC") Motion for Default Judgment Against Defendants Dalia T. Gonzales, Steven E. Gonzales, Roxanne Gonzales, and Daniel A. Gonzales ("Defendants") filed August 25, 2026. (D.E. 19). Defendants have not responded to the motion or otherwise appeared in this action. Having considered the relevant pleadings and applicable law, the undersigned recommends that the District Judge **GRANT** HSBC's Motion for Default Judgment regarding Defendants.

# I. BACKGROUND

## A. FACTUAL BACKGROUND

On June 30, 2026, HSBC filed this action against Defendant Dalia T. Gonzales and the unknown heirs of Rudy R. Gonzalez. (D.E. 1). HSBC later filed an Amended Complaint naming the Defendants, seeking a declaratory judgment to establish a statutory probate lien and to foreclosure on real property located at 3642 Capri Drive, Corpus Christi, Texas 78415 ("the Property"). (D.E. 8). The Property is more particularly described as follows:

> LOT FOURTEEN (14), BLOCK EIGHT (8), CARROLL PLACE ADDITION UNIT 3, AN ADDITION TO THE CITY OF CORPUS CHRISTI, NUECES COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT RECORDED IN VOLUME 32, PAGE 150, OF THE, MAP RECORDS OF NUECES COUNTY, TEXAS.

*Id*. at 5. According to the Amended Complaint, Decedent Rudy R. Gonzales aka Rudolfo R. Gonzales ("Decedent" or Borrower") executed a Texas Home Equity Fixed Rate Note ("Note") on August 29, 2006 in favor of Highland Capital Lending, Inc. ("Highland Capital") in the principal amount of $88,000.00 and bearing interest at the rate of 11.825% per annum. (D.E. 8-1 pg. 1); (D.E. 8 pgs. 4-5). Borrower executed a Texas Home Equity Security Instrument ("Deed of Trust") that granted a security interest in the property to Highland Capital, its successors and assigns, to ensure repayment under the note. *Id*. Under the terms of the Note and Deed of Trust (collectively, "the Loan Agreement), Borrower agreed to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees due under the Note. *Id*.

The Deed of Trust provides that should Borrower fail to make payments on the Note as they become due, or fail to comply with any or all of the covenants of the Deed of Trust, the lender may enforce the Deed of Trust by accelerating the maturity date of the Note, in which event the remaining balance becomes immediately due and payable. (D.E. 8-1 pgs. 6, 22). Subsequently, Highland Capital transferred and assigned the Deed of Trust to Option One Mortgage Corporation. (D.E. 8-1 pgs. 27-28). On April 27, 2011, Sand Canyon Corporation f/k/a Option One Mortgage Corporation executed an assignment into HSBC that was recorded in the official public records of Nueces County, Texas. (D.E. 8-1, pgs. 30-32). A Correction Assignment correcting the effective date of assignment to January 31, 2011 was later filed. (D.E. 8-1 pgs. 34-36). Plaintiff HSBC is the current holder and owner of the Note and the Deed of Trust. *Id.*

Decedent passed away on December 7, 2022. (D.E. 8, pg. 6). According to HSBC, no probate was opened for Decedent's estate. *Id.* Decedent's heirs thus acquired any interest in the Property upon Decedent's death under Texas Estates Code §§ 101.001(b) and 101.051. (D.E. 8, pgs. 7-8). HSBC asserts payment has not been made in accordance with the Deed of Trust, and the agreement has been in default since January 1, 2025. (D.E. 8-1 pgs. 38-43). On February 19, 2025, HSBC sent a Notice of Default to Borrower's address in accordance with the Deed of Trust and the Texas Property Code advising that the amount of $3,411.01 would need to be paid by March 26, 2025 to cure the default. *Id.* On October 21, 2025, HSBC sent a Notice of Acceleration of Loan Maturity (the "Notice of Acceleration") to Borrower and Dalia T. Gonzales, explaining

that the maturity date of the Note had been accelerated because of the failure to cure the default. (D.E. 8-1, pgs. 45-58). HSBC now seeks a declaratory judgment to establish a statutory probate lien and to foreclose on the Property.

### B. PROCEDURAL BACKGROUND

On July 21, 2026, Defendants Dalia T. Gonzales, Roxanne Gonzales and Daniel A. Gonzales were served with process. (D.E.s 11, 12, & 13). On July 22, 2026, Defendant Steven E. Gonzales was served with process. (D.E. 14). Defendants did not answer or file a responsive pleading within twenty-one days of service. Fed. R. Civ. P. 12(a)(1)(A)(i). Thus, on August 14, 2025, HSBC asked the Clerk of Court to enter default against Defendants. (D.E. 16). The Clerk of Court made entry of default as to all Defendants on August 24, 2026. (D.E. 18).

## II. DISCUSSION

### A. LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure provides that the clerk must enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise...." Fed. R. Civ. P. 55(a). Once the clerk has entered default, "a plaintiff may apply to the district court for a judgment based on such default." *Ocwen Loan Servicing, LLC v. Kingman Holdings, LLC*, No. 3:18-cv-1197-S, 2018 WL 7150247, at *2 (N.D. Tex. Dec. 14, 2018), R. & R. adopted by 2019 WL 399900 (N.D. Tex. Jan. 31, 2019). Initially, a plaintiff must establish that: (1) the defendant has been served with summons and the

clerk has entered default against the defendant; (2) the defendant is neither a minor nor an incompetent; (3) the defendant is not in military service or otherwise subject to the Servicemembers Civil Relief Act; and (4) the defendant was provided with notice of the motion for default judgment. See 50 U.S.C. § 3931; Fed. R. Civ. P. 55; *Kingman Holdings*, 2018 WL 7150247, at *2. In considering whether to enter default judgment, a court should first consider whether such entry is procedurally warranted. See *Lindsey v. Prive Corp*., 161 F.3d 886, 893 (5th Cir. 1998). Factors relevant to this inquiry include: (1) whether material issues of fact exist; (2) "whether there has been substantial prejudice"; (3) whether the plaintiff clearly established the grounds for default; (4) whether the defendant's default was caused by good faith mistake or excusable neglect; (5) "the harshness of a default judgment"; and (6) whether the court would feel obligated to set aside a default on the defendant's motion. *Id*. The court retains discretion whether to enter default judgment against a defendant. *Id*.

After the court has determined that the plaintiff has met the procedural requirements for default judgment, it must next "assess the substantive merits of the plaintiff's claims and determine whether there is a sufficient basis in the pleadings for the judgment," *Bokf, N.A. v. Logan*, CIVIL ACTION No. 3:19-CV-2910-B, 2020 WL 1470803, at *2 (N.D. Tex. Mar. 26, 2020) (citing *Nishimatsu Constr. Co., Ltd. v. Hons. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). "A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true." *Wooten v. McDonald Transit Assocs., Inc*., 788 F.3d 490, 496 (5th Cir. 2015)

(quoting *Nishimatsu Constr. Co*., 515 F.2d at 1206). Stated differently, when a defendant defaults, the plaintiff's well-pleaded allegations of fact concerning liability are deemed admitted. *Kingman Holdings*, 2018 WL 7150247, at *3 (citing *Jackson v. FIE Corp*., 302 F.3d 515, 521, 524–25 (5th Cir. 2002)). But "the default alone does not warrant entry of default judgment, as the Court must determine whether the well-pleaded facts state a claim upon which relief may be granted." *Id*.

Rule 8 of the Federal Rules of Civil Procedure further informs this analysis. "Rule 8(a)(2) requires a pleading to contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Wooten*, 788 F.3d at 498 (internal quotation marks omitted). "The factual allegations in the complaint need only be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (internal quotation marks omitted). Although a plaintiff need not plead "detailed factual allegations," it "must present 'more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## B. ANALYSIS

### 1. HSBC HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR OBTAINING DEFAULT JUDGMENT AGAINST DEFENDANTS.

The record before the Court demonstrates HSBC has satisfied the procedural requirements of Rule 55. Defendants were served according to law but have failed to answer or otherwise respond within the time permitted, and the Clerk of Court has

entered default against them. (D.E. 18). Per the requirement of Title 50 U.S.C. §3931, HSBC has also established that Defendants are is not currently engaged in military service. (D.E. 19-1 pgs. 4-22). HCBS has certified that copies of the Motion for Default Judgment have been sent to Defendants. (D.E. 19 pg. 19).

In addition, all of the *Lindsey* factors favor granting default judgment. Defendants have filed no responsive pleading; therefore, there are no material facts in dispute. See *Nishimatsu Constr. Co*., 515 F.2d at 1206 (explaining that "[t]he defendant, by his default, admits the plaintiff's well-pleaded allegations of fact"). Second, Defendants failure to answer or otherwise "respond has brought the adversary process to a halt, effectively prejudicing [HSBC's] interests." *United States v. Fincanon*, No. 7:08–CV–61–O, 2009 WL 301988, at *2 (N.D. Tex. Feb. 6, 2009) (citing *Lindsey*, 161 F.3d at 893). Third, Defendants' default has been clearly established through their failure to respond and the Clerk's entry of default. *Logan*, 2020 WL 1470803, at *3 (citing *Lindsey*, 161 F.3d at 893). With respect to the fourth and fifth *Lindsey* factors, Defendants have not filed an answer despite being served with the Amended Complaint more than one month ago, and there is no evidence to suggest that his failure to respond is a result of a good faith mistake. "[T]he failure to respond mitigates the harshness of a default judgment." *Id.* (internal quotation marks and alterations omitted). Finally, the record contains no facts supporting a good reason to set aside the default were Defendants to challenge it. Because HSBC has satisfied all of the procedural requirements for default judgment, the Court considers whether HSBC's pleadings state a claim for relief.

**2. HSBC'S PLEADINGS PRESENT A SUFFICIENT BASIS FOR ENTRY OF JUDGMENT AGAINST DEFENDANTS.**

HSBC asks the Court to enter default judgment against Defendants on liability and damages. (D.E. 19). Concerning damages, HSBC does not seek a monetary award from Defendants; instead, it pursues a declaratory judgment against Defendants establishing that (1) there is a deed of trust encumbering the Property; (2) the loan is in default; (3) the amount of indebtedness is due an unpaid; (4) the property subject to the deed of trust lien is the same property that foreclosure is sought; and (5) the requisite notices of default and acceleration were sent as required by the Deed of Trust and the Texas Property Code. (D.E. 19 at 4). HSBC also seeks entry of a judgment permitting HSBC to enforce the lien through non-judicial foreclosure of the Property pursuant to the terms of the Deed of Trust and the Texas Property Code §51.002 by conducting a public auction of the Property. *Id*.

HSBC asserts that it has a statutory probate lien against the Property under the Deed of Trust and Texas Estates Code §§ 101.001(b) and 101.051, which provide that a decedent's estate and its debts immediately pass to the decedent's heirs. (D.E. 8 pg. 2); see Tex. Est. Code Ann. §§ 101.001(b), 101.051; *Ocwen Loan Servicing, LLC v. Deane*, Civil Action No. 4:15-cv-00682-O-BP, 2017 WL 6816499, at *3 (N.D. Tex. Dec. 1, 2017), R. & R. adopted by 2018 WL 309105 (N.D. Tex. Jan. 5, 2018). "The remedy of one holding an unpaid claim against the estate is to enforce a statutory lien against the property in the hands of the heirs, devisees, or legatees who receive estate property." *Deane*, 2017 WL

6816499, at *3 (citing *Potts v. W.Q. Richards Mem'l Hosp*., 558 S.W.2d 939, 943 (Tex. Civ. App.—Amarillo 1977, no writ)). HSBC asserts that Defendants failed to abide by the terms of the Deed of Trust. Thus, the District Judge should grant HSBC's request for a declaration of its statutory probate lien.

A security instrument is a "deed of trust, mortgage, or other contract lien on an interest in real property." Tex. Prop. Code § 51.0001(6). A mortgagee includes the "grantee, beneficiary, owner, or holder of a security instrument ... or if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record." *Id*. at § 51.0001(4); *Logan*, 2020 WL 1470803, at *4. HSBC has shown that Highland Capital transferred the Deed of Trust to Option One Mortgage Corporation under an Assignment of Deed of Trust, filed in the public records of Nueces County, Texas. (D.E. 8-1 pgs. 27-28). HSBC has shown that it is the successor by assignment from Option One Mortgage Corporation. (D.E. 8-1 pgs.30-31). Thus, the District Judge should grant HSBC's request for a declaration that it is the owner and holder of the Note, beneficiary of the Deed of Trust, and mortgagee as defined under Texas Property Code section 51.0001.

In addition, HSBC, the mortgagee, seeks to enforce its statutory probate lien through foreclosure or public auction under Texas Property Code § 51.002. (D.E. 19 pg. 4). "Section 51,002 of the Texas Property Code provides for the sale of real property pursuant to a security instrument with a power of sale." *Deane*, 2017 WL 6816499, at *3. To foreclose through a power of sale, the lender must show that: "(1) a debt exists; (2) the

debt is secured by a lien created under art. XVI, § 50(a)(6) of the Texas Constitution; (3) the defendant is in default under the note and security instrument; and (4) the defendant received notice of default and acceleration." Id. (citing *Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013), aff'd, 583 F. App'x 306 (5th Cir. 2014)).

Here, HSBC has supported all four elements with well-pleaded allegations. HSBC has provided a copy of the executed Note, demonstrating that a debt exists. (D.E. 8-1 pgs. 5-25). Moreover, by providing a copy of the Deed of Trust (*Id.*), HSBC has shown that the debt is secured by a lien on the Property in accordance with Article 16, Section 50(a)(6) of the Texas Constitution. In addition, HSBC has demonstrated that Defendants are in default on the Deed of Trust. Specifically, HSBC has provided evidence of Defendants' default, as reflected by the February 19, 2025, Notice of Default, which states that the total balance due as of the date of the notice was $3,411.01. (D.E. 8-1 pg. 40). Because Decedent allegedly died intestate and no probate administration occurred, Defendants acquired his interest—and his debt—in the Property under Texas law. (D.E. 8, pgs. 2, 6); see also Tex. Est. Code Ann. §§ 101.001(b), 101.051(b)(1). Thus, HSBC has established that Defendants are in default. Finally, HSBC has shown that it complied with the notice requirements contained within the Deed of Trust and the Texas Property Code when it sent written notices of default on February 19, 2025, and of acceleration on October 21, 2025, to Decedent and Dalia T. Gonzales' addresses of record. (D.E. 8-1 pg. 40; D.E. 8-1 pgs. 46-48).

Thus, HSBC has shown that: a debt exists; the debt is secured by a lien; Defendants are in default under the Deed of Trust; and it properly provided notice of the default and acceleration on the debt. Defendants' defaults serve as admissions of HSBC's allegations. *Nishimatsu Constr. Co.*, 515 F.2d at 1206. As discussed above, based on the uncontested record, HSBC's Amended Complaint establishes that Defendants, as heirs-at-law of Decedent, received an interest in the Property upon his death, and payments have not been made by any of the Defendants under the Deed of Trust since before January 1, 2025. (D.E. 8-1 pg. 40). The Court therefore finds that HSBC's allegations warrant a declaratory judgment that, in accordance with its statutory probate lien, HSBC may foreclose upon Defendants' interest in the Property at issue.

HSBC also seeks judgment awarding it "attorneys' fees and costs of suit." (D.E. 8 pg. 10-11). In support of its request for attorneys' fees, HSBC references the Note and Texas Constitution Article XVI §50(a)(6). *Id*. The Note provides:

> If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law, including Section 50(a)(6), Article XVI of the Texas Constitution. Those expenses include, for example, reasonable attorneys' fees.

(D.E. 8-1 pg. 7). Texas law permits recovery of reasonable attorney's fees in claims concerning contracts. Tex. Civ. Prac. & Rem. Code § 38.001(8). The undersigned notes, however, that HSBC has not provided any supporting evidence enabling the Court to determine what amount of attorney's fees would be reasonable in this case; instead, HSBC it is "entitled to recover its reasonable attorneys' fees for the services rendered in instituting and prosecuting this action." (D.E. 8 pg. 11). Because the Court does not have

before it any documentation supporting an award for attorney's fees, the undersigned recommends that the Court consider the issue of attorney's fees post-judgment pursuant to Federal Rule of Civil Procedure 54(d)(2). See *U.S. Bank Nat'l Ass'n for Residential Asset Sec. Corp., Home Equity Mortg. Asset-Backed Pass-Through Certificates, Series 2007-KS2 v. McCormick*, No. 3:17-CV-1704-L, 2018 WL 1210555, at *3 (N.D. Tex. Mar. 8, 2018) (providing for post-judgment consideration of attorney's fees as authorized by Rule 54(d)(2)).

**III. RECOMMENDATION**

For these reasons, the undersigned recommends that the United States District Judge **GRANT** HSBC’s Motion for Default Judgment Against Defendants (D.E. 19) and enter a default judgment granting HSBC’s requested relief.

Respectfully submitted on October 9, 2026.

Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).